'IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RODOLFO GONZALEZ, JR. <br> PLAINTIFF, | § § § | |
| v. | § § | CIVIL ACTION NO._____ <br> Jury Demanded |
| HIDALGO COUNTY <br> SHERIFF'S DEPARMENT <br> DEFENDANT, | § § § § § § | |

# PLAINTIFF RODOLFO GONZALEZ, JR.'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, RODOLFO GONZALEZ, JR., by and through his counsel, and in support of his claims against the above-named Defendant Hidalgo County Sheriff's Department respectfully states:

## I.
## JURISDICTION AND VENUE

1. The subject matter jurisdiction of this court is invoked pursuant to claims based upon Texas and Federal law. Plaintiff alleges violation of his rights under federal subject matter jurisdiction and pursuant to Texas Health & Safety Code Section 161.134 for harassment in violation of the Hidalgo County Sheriff's Department's Code of Ethics.

2. This court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

3. Venue is proper in Hidalgo County, Texas because this is judicial district where Defendant conducts business and because the events giving rise to this claim occurred in Hidalgo County, Texas.

II.

## NATURE OF ACTION

4. This is an action under 5 U.S.C. Section 2302 (b) Federal Whistleblower Act to correct unlawful employment practices. Based on the same facts, Plaintiff also brings an action under Section 161.134 of the Texas Health and Safety Code to correct unlawful employment practices.

IV.

## PARTIES

5. Plaintiff, Rodolfo Gonzalez, Jr. is an individual residing in McAllen, Hidalgo County, Texas.

6. Defendant, Hidalgo County Sheriff's Department is a division of the County duly licensed to conduct business in the State of Texas with a principal place of business in Hidalgo County, Texas and may be served with process pursuant to the Federal Rules of Civil Procedure in its assumed name by serving its Honorable Court Judge via Certified Mail Return Receipt Requested as follows:

>  Honorable Judge Richard Cortez
>  100 E. Cano, Second Floor
>  Edinburg, Texas 78539

7. Service of citation is requested *via Certified Mail, Return Receipt Requested.*

## VI.
## FACTUAL BACKGROUND

8. Mr. Rodolfo Gonzalez, Jr. is a Registered Nurse with a degree in nursing. Mr. Rodolfo Gonzalez, Jr. was hired by Hidalgo County Sheriff's Department on or about August 29th, 2022, to work most recently as a Supervisor Registered Nurse in the Infirmary for the Hidalgo County Jail.

9. Over the past six months, Mr. Rodolfo Gonzalez, Jr. experienced an increase of hostility and retaliation with Chief Steve Herrera and Captain Joe Vasquez over political issues in the infirmary.

10. Lateral violence is a term describing the physical, verbal, or emotional abuse of a colleague or between colleagues. Common forms of lateral violence include nonverbal innuendo, verbal affront, undermining activities, withholding information, sabotage, infighting, scapegoating, and backstabbing. Bullying is committed by a person of higher power or authority; usually bullying is persistent and ongoing, including behavior that is abusive, intimidating and malevolent, making the recipient feel threatened (Task Force on the Prevention of Workplace Bullying, 2001). Bullying and lateral violence have serious negative consequences for managers, their patients, and healthcare employees. Disruptive behaviors are toxic not only to the nursing profession but also to the institution in which they occur. High staff turnover, sickness absence, impaired performance, lower productivity, poor team spirit, and increasing litigation are among the outcomes of workplace bullying (Field, 2002). Furthermore, intimidating and disruptive behaviors can compromise safety (The Joint Commission, 2008).

11. Mr. Rodolfo Gonzalez, Jr. alleges that there was no legitimate business justification for his constructive termination as he performed a commendable job for the Defendant Sheriff's

Department. The Defendant Sheriff's Department created a hostile work environment, retaliated and discriminated against him such that no reasonable person would tolerate it.

12. Captain Joe Vasquez called in both Rodolfo Gonzalez Jr. and Registered Nurse, Jennifer Rodriguez, to his office. Captain Joe Vasquez spoke in an unprofessional manner and demeaning tone. Captain Vasquez questioned Rodolfo Gonzalez Jr., "Do you even work", "I heard you all come in and spend two hours drinking coffee in your office doing nothing and wasting time. Captain Vasquez said that he was not giving Rodolfo Gonzalez, Jr. and Jennifer Rodriguez a write up since he was warning them. Mr. Rodolfo Gonzalez, Jr. requested to know who was spreading lies about his work ethic. As the senior registered nurse, Plaintiff Rodolfo Gonzalez, Jr. felt a strong sense of hostility and was determined to speak up and take action. Plaintiff Rodolfo Gonzalez, Jr. voiced his concerns to Chief Herrera who refused to provide Rodolfo Gonzalez, Jr as to who was making false allegations against his work ethic. It was clear that Plaintiff Rodolfo Gonzalez, Jr.'s intentions and requests were being retaliated against and misunderstood and rather than addressing the issue, leadership resisted change. Tragically, this ultimately contributed to Plaintiff Rodolfo Gonzalez, Jr.'s constructive discharge.

13. After Mr. Gonzalez's requests, Captain Joe Vasquez stopped communication of all calls, requests, inquiries, and follow ups from administration and only began to communicate with Jennifer Rodriguez taking into consideration that Ms. Rodriguez was still under the supervision of Plaintiff Rodolfo Gonzalez, Jr. who would help Ms. Rodriguez on most issues regarding nursing jail standards and practice.

14. A new position with higher pay became available in the county as a Clinical Care Services Administrator. It was untimely given to, Ms. Rodriguez, R.N. who has less experience in the jail

setting. Plaintiff Rodolfo Gonzalez, Jr. expressed disappointment as he received a demotion since the Female Registered Nurse, he trained for a year was now his new supervisor. However, Plaintiff Rodolfo Gonzalez, Jr. assisted Ms. Rodriguez train the new hires. Plaintiff Rodolfo Gonzalez, Jr. learned that his schedule was altered and was being informed or warned about the schedule change. Plaintiff Rodolfo Gonzalez, Jr. was hired on a Monday through Friday, 8 am to 5 pm schedule, but his schedule was altered to a "LVN rotating".

15. While employed with the Sheriffs' Department, Plaintiff Rodolfo Gonzalez, Jr. had accidently brought in his personal cell phone into the facility. When a Sergeant went to use his office and used his computer without informing Plaintiff Rodolfo Gonzalez, Jr., the Sergeant saw Plaintiff Rodolfo Gonzalez, Jr.'s personal cell phone on his desk. Plaintiff Rodolfo Gonzalez, Jr. was reprimanded and given a write-up. During the write up process, Plaintiff Rodolfo Gonzalez, Jr. met with Lieutenant Mike Garza to properly address the situation. Lieutenant Mike Garza stated that Human Resources would have the last call. A week went by, on or about March 12th, 2025, Plaintiff Rodolfo Gonzalez, Jr. was called into Chief Herrera's Office, along with Captain Vasquez, which Chief Herrera repeatedly questioned Plaintiff Rodolfo Gonzalez, Jr. if he would be leaving the County. Plaintiff Rodolfo Gonzalez, Jr. responded he had voiced to his colleagues he planned on continuing his education, but he was not planning on leaving the county.

16. Again, in a more aggressive tone, Chief Herrrera, repeated "I'm going to ask you again, are you going to leave us, because your answer will determine what actions I take with the phone incident." Plaintiff Rodolfo Gonzalez, Jr., replied " I am not planning to leave anytime soon".

17. The following Monday, March 17th, 2025, Plaintiff Rodolfo Gonzalez, Jr. was called into Captain Vasquez's office with Jennifer Rodriguez. Plaintiff Rodolfo Gonzalez, Jr. was provided

with a 90-day probationary period for the personal phone incident. During the explanation of the probation, Captain Vasquez told Plaintiff Rodolfo Gonzalez, Jr. that he was on probation and if he was late, if he forgot to punch in, or if anything was "out of the line", the Sheriff's Department has the right to terminate Plaintiff Rodolfo Gonzalez, Jr.

18. Under protest, Rodolfo Gonzalez, Jr. submitted his resignation letter and stated he could no longer tolerate the hostile treatment created by Chief Steve Herrera and Captain Joe Vasquez as it materially changed the conditions, terms, and/or privileges of employment in the workplace.

## VII.

## Causes of Action

### Violations of the Texas Health & Safety Code Section § 161.134

19. Texas Health & Safety Code Section 161.134 provides that a hospital, mental health facility, or treatment facility may not suspend or terminate the employment of or discipline or otherwise discriminate against an employee for reporting to the employee's supervisor, an administrator of the facility, a state regulatory agency, or a law enforcement agency a violation of law, including a violation of this chapter, a rule adopted under this chapter, or a rule adopted by the Texas Board of Mental Health and Mental Retardation, the Texas Board of Health, or the Texas Commission on Alcohol and Drug Abuse.

20. Rodolfo Gonzalez, Jr. incorporates the factual background section of this pleading as if fully set forth verbatim.

21. Rodolfo Gonzalez, Jr. alleges that Defendant, a county infirmary, illegally terminated his employment and discriminated against him for reporting to his supervisors and an administrator of the facility violations of law and rules covered by Section 161.134 of the Texas

Health & Safety Code as set out in the factual background portion of this pleading. Rodolfo Gonzalez, Jr. reported that psychiatric patients were not regularly receiving their medication in the infirmary, among other infractions.

22. Rodolfo Gonzalez, Jr. seeks injunctive relief and damages as allowed under Section 161.134 of the Texas Health & Safety Code. Rodolfo Gonzalez, Jr. also seeks his actual damages, including, but not limited to, pecuniary losses such as past and future, lost wages and lost benefits, and past and future, mental anguish and related damages. Rodolfo Gonzalez, Jr. also seeks exemplary damages and reasonable attorney fees; and reinstatement of seniority and fringe benefits as allowed under Section 161.134 of the Texas Health & Safety Code.

23. There is a presumption that Rodolfo Gonzalez, Jr.'s employment was constructively terminated because of the concerns he had because he was terminated after he made the complaints in good faith.

24. This suit has been filed timely.

25. Rodolfo Gonzalez, Jr. made the complaints to his supervisors, directors and administration in writing and orally, which may be provided electronically and verbally as authorized by the Hidalgo County Chief.

## Second Cause of Action

### 5 U.S.C.§ 2302(b) Federal Whistleblower Protection Act

26. The statute generally prohibits employees with authority concerning personnel actions from retaliating against an employee or applicant for the refusal of any person to engage in political activity, including political contributions or service 5 U.S.C. § 2302(b)(3).

27. The statute generally prohibits employees with authority concerning personnel actions from retaliating or threatening retaliation against employees or applicants because the

employee or applicant disclosed information reasonably believed to evidence (1) a violation of a law, rule, or regulation or (2) gross mismanagement, gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8).

28. The statute generally prohibits employees with authority concerning personnel actions from retaliating or threatening retaliation against an employee or applicant because the employee or applicant (1) exercised a legally granted appeal, complaint, or grievance right or testified for or lawfully assisted someone in the exercise of those rights, (2) cooperated with or provided information to specified persons in accordance with law, or (3) refused to obey an order that would require him or her to violate the law. 5 U.S.C. § 2302(b)(9).

29. This statute includes discrimination and other prohibitions that may include protection from retaliation. 5 U.S.C. § 2302(b)(1). Many of the prohibitions incorporate other well-known laws, such that one would look to the other law to assess the viability of retaliation claims. However, for example, the statute independently prohibits discrimination based on "marital status or political affiliation" as prohibited under any law, rule, or regulation. 5 U.S.C. § 2302(b)(1)(E).

**WHEREFORE**, Plaintiff Rodolfo Gonzalez, Jr. prays that the Court enter judgment in his favor and against Hidalgo County Sheriff's Department and award Plaintiff the following:

  a. All damages as allowed under Section 161.134 of the Texas Health & Safety Code and 5 U.S.C. § 2302(b) including, but not limited to, actual damages, for past and future pecuniary losses such as loss of wages, loss of benefits, and past and future non-pecuniary losses such as mental anguish, emotional pain, suffering, inconvenience, and loss of enjoyment of life. Rodolfo Gonzalez, Jr. also seeks payment of court costs; payment of attorney's fees; expenses and injunctive and

equitable relief as allowed by this statute. Rodolfo Gonzalez, Jr. seeks punitive and/or exemplary damages as allowed by law;

b. Prejudgment interest as allowed by law;

c. Post-judgment interest as allowed by law; and

d. Such other legal or equitable relief ultimately justified by the proof in this case.

Respectfully submitted,

**LAW OFFICES OF
JOSE G. GONZALEZ**

4129 N. 22nd Street, Suite 8
McAllen, Texas 78504
Telephone:(956) 731-4324
Facsimile: (956) 731-4327

By:*/s/Carlos E. Hernandez Jr.*
**Carlos E. Hernandez, Jr., Of Counsel**
State Bar No. 00787681
Fed. Id. No. 17022
Attorneys for Plaintiff
Rodolfo Gonzalez, Jr.